IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE M. SCHMIDT,

    Plaintiff,

-vs-                                                      No. CIV 98-1562 JC/DJS

U S WEST COMMUNICATIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Motion"), filed September 21, 1999 *(Doc. 11)*. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendant's Motion is well taken, and will be granted.

**I.**     **Background**

Unless otherwise noted, the following facts are undisputed or are based on Plaintiff's Complaint *(Doc. 1)* and Response *(Doc. 13)*. Plaintiff Yvonne M. Schmidt has been a U S West Communications ("U S West") employee for more than twenty-four years. Ms. Schmidt contends that she suffers from chronic depression and post traumatic stress disorder and is "a qualified individual with a disability" as defined by 42 U.S.C. §§ 12102(2), 12111(8). Pl.'s Compl. ¶ 5, 8. Plaintiff is currently enrolled as a participant in U S West's employer-sponsored group health plan ("Plan"). Since January of 1996, U S West has contracted with United HealthCare Insurance Company ("United") to provide claims processing, a health care provider network and administrative

services. United, in turn, subcontracts with United Behavioral Health ("UBH") to administer the Plan's mental health services.

Ms. Schmidt began therapy with Dr. Cohen, a psychiatrist, in 1979 and after an unspecified break, resumed therapy with Dr. Cohen in 1992. In September of 1993, Ms. Schmidt filed the first of three employment discrimination charges against U S West with the Equal Employment Opportunity Commission ("EEOC"). The first charge alleged disability discrimination and sexual harassment and was eventually settled. Ms. Schmidt filed her second EEOC charge in 1995,[1] alleging "unfair employment practices." Pl.'s Compl. ¶ 4. Following an investigation, the EEOC dismissed the second charge and issued Plaintiff a right to sue notice in September of 1996. In January of 1997, Dr. Cohen was removed as an approved provider for U S West's health plan. Ms. Schmidt was told that she could go to one of UBH's other mental health care providers or pay out of pocket. Plaintiff filed her third EEOC charge in May of 1997 "on the basis of retaliation and disability discrimination," *id.*, claiming that U S West "denied the services of a health provider needed for [her] proper care." Def.'s Mem. ¶ 6, Ex. E. The EEOC likewise dismissed this charge and issued a right to sue notice to Ms. Schmidt.

On December 22, 1998, Ms. Schmidt filed this damages action against U S West pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). Plaintiff alleges that Defendant violated the ADA in two ways: 1) U S West discriminated against Ms. Schmidt by "not making reasonable accommodations to the know [sic] limitations of the Plaintiff." Pl.'s Compl. ¶ 14; and 2) U S West retaliated against

---

[1] Defendant states that Ms. Schmidt filed the second charge on July 29, 1996. *See* Def.'s Mem. *(Doc. 12)* ¶ 3 and attached Ex. B.

Ms. Schmidt for filing discrimination charges with the EEOC "by denying services of a health care provider to provide proper care." *Id.* ¶¶ 9, 17.

## II.     Legal Standard

A motion to dismiss must be converted into a motion for summary judgment where the district court considers matters outside the pleadings. *See Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998) (citing FED. R. CIV. P. 12(b)(6)). Accordingly, because I have considered matters outside the parties' pleadings in addressing the issues discussed in this opinion, I will convert Defendant's dismissal motion to a motion for summary judgment. As a preliminary matter, I will address Plaintiff's contention that summary judgment is not appropriate at this time. "Where a movant has met the initial burden required for a grant of summary judgment, the opposing party must either establish the existence of a triable issue of fact under FED. R. CIV. P. 56(e) or explain why he cannot present facts to justify his opposition under Rule 56(f)."[2] *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832 (10th Cir. 1986) (citations omitted). "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable; the opposing party must demonstrate how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Id.* at 833 (internal quotations omitted). Here, Plaintiff did not file a 56(f) affidavit, but did submit memoranda and various exhibits in opposition to Defendant's Motion. Plaintiff fails to explain why she cannot present facts that would create a triable issue, nor does she describe what steps she has taken to obtain those facts. Finally, Plaintiff filed her Complaint in December of 1998 and does not indicate how additional time

---

[2] "Should it appear from the *affidavits* of a party opposing the motion [for summary judgment] that the party cannot *for reasons stated* present . . . facts essential to justify the party's opposition, the court may refuse the application for judgment . . . ." FED. R. CIV. P. 56(f) (emphasis added).

will enable her to rebut Defendant's allegations. For these reasons, summary judgment may be granted on Defendant's Motion if otherwise appropriate.

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party must identify specific facts in the interrogatories, affidavits, depositions and other evidence that would indicate a genuine issue for trial in order to withstand a summary judgment motion. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). To establish a genuine issue of material fact, the proffered evidence must be sufficient, when viewed in the light most favorable to the nonmoving party, for a reasonable jury to return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Analysis

Defendant asserts three grounds for dismissal of this action: 1) Plaintiff failed to exhaust her administrative remedies regarding her reasonable accommodation claim, 2) Plaintiff fails to state a *prima facie* ADA retaliation claim, and 3) most of Plaintiff's claims are time-barred because they stem from an EEOC charge that was dismissed in September 1996 (second EEOC charge).[3] Defendant argues that summary judgment is an appropriate alternative to dismissal of Plaintiff's retaliation claim for two reasons: 1) Plaintiff cannot establish causation between the filing of her EEOC charge and the alleged retaliation, and 2) U S West is an improper party to Plaintiff's retaliation claim.

---

[3] In the Response to Defendant's Motion to Dismiss, Plaintiff agreed that she "lost her chance to sue under Charge #2." Pl.'s Resp. at 6. Therefore, I need not analyze Defendant's third ground as I deem that Plaintiff has abandoned any claim arising from her second EEOC charge.

### A. Plaintiff's Reasonable Accommodation Claim

Defendant argues that Plaintiff is barred from bringing her reasonable accommodation claim because she failed to exhaust the administrative remedies available to her. Defendant correctly states that federal courts generally lack jurisdiction over claims that have not been raised before the EEOC. *See Martin v. Nannie and the Newborn, Inc.*, 3 F.3d 1410, 1416 n.7 (citations omitted) (10th Cir. 1993). The requirement that Plaintiff must exhaust her administrative remedies before filing an action in federal court serves two purposes: 1) it provides the employer with notice, and an opportunity to voluntarily correct any violations, and 2) it presents the EEOC a chance to settle the dispute in a conciliatory manner. *See Schroder v. Runyon*, 1 F. Supp.2d 1272, 1274 (D. Kan. 1998). However, a court may consider a plaintiff's claims that were not included in an EEOC charge "where the conduct alleged would fall within the scope of an EEOC investigation *which would reasonably grow out of the charges actually made*." *Id.* (emphasis added).

In Ms. Schmidt's third EEOC charge, she asserted solely that U S West retaliated against her by denying her health care services.[4] She did not contend that these services were necessary in order to perform her job duties, nor did she refer to any requests or need for training, tutoring, or any other services. Nowhere in her EEOC charge did she state that U S West failed to reasonably accommodate her disability. It is not enough, as Plaintiff suggests, that in her EEOC charge she "allude[d] to acts by U S West," or "mention[ed] that U S West violated the Americans with Disabilities Act." Pl.'s Resp. at 5. The purposes of administrative exhaustion are not served if neither the employer nor the EEOC are on notice of the specific acts or conduct involved.

---

[4] Plaintiff's first EEOC charge was settled and any claims arising from allegations in the second charge are time barred. *See supra* n.3.

Plaintiff contends that she "continued to tell [the] investigator of problems with U S West." *Id.* Even if this informal reporting method satisfies administrative exhaustion, Plaintiff does not indicate that she reported problems that would serve as sufficient notice that U S West failed to reasonably accommodate her disability. I find that an EEOC investigation based solely on Ms. Schmidt's third EEOC charge would not reasonably include allegations of failure to reasonably accommodate her disability. Finding that Plaintiff has not exhausted the administrative remedies on her reasonable accommodation claim, I will grant summary judgment in Defendant's favor on this claim.

### B. Plaintiff's Retaliation Claim

In order to establish a *prima facie* ADA retaliation claim, a plaintiff must show:

1) she engaged in a protected activity;

2) she was subjected to adverse employment action subsequent to or contemporaneous with the protected activity; and

3) a causal connection between the protected activity and the adverse employment action.

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997)). Defendant argues that Plaintiff does not meet elements two and three in order to establish a *prima facie* retaliation claim.

#### 1. Adverse Employment Action

"This circuit liberally defines the phrase adverse employment action. We have not, however, defined a set rule regarding what constitutes an adverse employment action. Instead, we take a case-by-case approach in determining whether a given employment action is adverse . . . recognizing that the ADA . . . [does not make] actionable the ordinary tribulations of the workplace. *Anderson v.*

*Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) (internal quotations and citations omitted). Conduct that does not significantly affect a person's employment status does not constitute adverse employment action. *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir. 1998). Here, Ms. Schmidt has not suffered termination, demotion, or reassignment to an undesirable position. Rather, Plaintiff argues that "unique factors" in this case render the denial of Dr. Cohen's services an adverse employment action. Plaintiff states that these factors are: 1) U S West knew that Plaintiff's continued therapy and treatment was important for her to continue to work; 2) Plaintiff is comfortable with Dr. Cohen; 3) U S West knew that the loss of Dr. Cohen would affect Plaintiff's ability to work; and 4) U S West enabled Dr. Cohen to be "an accommodated provider," and has the power to insure that UBH accommodates an employee's request for health care benefits. Finally, Plaintiff states that she must now pay for Dr. Cohen out of her own pocket and has "lost the benefit of having her medical bills paid." Pl.'s Resp. at 8.

Factors one and four indicate that Defendant knew it was important for Ms. Schmidt to continue treatment, particularly with Dr. Cohen. However, assuming that these factors reflect the Defendant's intent to cause an adverse employment action, Plaintiff must demonstrate that the removal of Dr. Cohen significantly affected her employment status. Plaintiff's preference for Dr. Cohen, asserted in factor two, does not mean that the loss of his services qualifies as an adverse employment action. Plaintiff does not allege that any of the currently UBH-approved mental health care providers are unqualified or otherwise incapable of providing adequate mental health care treatment.[5] Although Plaintiff is unhappy with the denial of Dr. Cohen's services, "not everything

---

[5] Although Plaintiff states that one or more of the approved providers specialize in treating children, she does not allege that they are unqualified or unwilling to treat adults. Nor does she address the qualifications or suitability of UBH providers who do not specialize in treating children.

that makes an employee unhappy qualifies as retaliation." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir. 1998) (internal quotations and citations omitted). Factor four implicates U S West's authority to accept or reject Dr. Cohen as a health care provider and is irrelevant to the issue of whether the rejection of those services adversely affects Plaintiff's employment status. Finally, Plaintiff's argument that she must now pay Dr. Cohen out of her own pocket is relevant on the issue of damages, but does not determine whether she suffered an adverse employment action.

Plaintiff agrees that she "has not been terminated, demoted, or lost benefits." Pl.'s Resp. at 8. Plaintiff does not complain of a reduction in pay, hours or status. Nor does she allege an inability to perform her job duties.[6] Moreover, Plaintiff's list of unique factors fails to establish that the denial of Dr. Cohen's services adversely impacts her employment status in any way. Because Plaintiff fails to demonstrate that Dr. Cohen's removal constitutes an adverse employment action, she fails to establish a *prima facie* retaliation claim. Consequently, I will grant summary judgment in Defendant's favor on the ADA retaliation claim.[7]

## IV.  Conclusion

I find that Plaintiff has abandoned any claims against Defendant to the extent that those claims are based on allegations raised in Plaintiff's second EEOC charge. Plaintiff failed to exhaust administrative remedies regarding her claim that U S West does not provide reasonable accommodations for her disabilities, therefore I will grant summary judgment for Defendant on that claim. Finally, because Plaintiff does not demonstrate that the denial of Dr. Cohen's services

---

[6] Plaintiff testified that although she did not receive a job coach, she has not missed a significant amount of work and feels capable of doing her job. *See* Def.'s Reply at 5; Ex. B, Schmidt Dep. at 37:8-38:8.

[7] Because I find that Plaintiff fails to establish an adverse employment action, I need not address Defendant's remaining arguments for dismissal of the ADA retaliation claim.

constitutes an adverse employment action, she fails to establish a *prima facie* retaliation claim. Therefore, I will grant summary judgment in Defendant's favor on Plaintiff's ADA retaliation claim. There being no claims remaining before this court, Plaintiff's cause of action will be dismissed with prejudice.

Wherefore,

**IT IS ORDERED** that summary judgment is granted in Defendant's favor on the claim that Defendant violated the ADA by failing to reasonably accommodate Plaintiff's limitations.

**IT IS FURTHER ORDERED** that summary judgment is granted in Defendant's favor on the claim that Defendant retaliated against Plaintiff in violation of the ADA.

**IT IS FINALLY ORDERED** that Plaintiff's cause of action is dismissed with prejudice.

DATED this 28th day of October, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Donald R. Sears, Jr.
	Albuquerque, New Mexico

Counsel for Defendant:	Charles W. Weese
	Carol L. Dominguez
	Gilkey, Stephenson & Weese, P.A.
	Albuquerque, New Mexico